UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAR 1 3 2013
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. ) |
| LARRY A. BRADSHAW, | ) 4: 13CR00092RWS ) |
| Defendant. | ) ) |

## INDICTMENT

The Grand Jury charges that:

1. At some time unknown to the Grand Jury but by at least July 2008, Larry A. Bradshaw (the "defendant") became an acquittance of A.D who lived in the City of St. Louis within the Eastern District of Missouri.

2. At some time unknown to the Grand Jury but by at least July 2008 and continuing until at least October 2008, in Saint Louis, in the Eastern District of Missouri, the defendant herein, knowingly devised a scheme and artifice to defraud A.D. of money and property by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance of the scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds.

3. At some time unknown to the Grand Jury but by at least July 2008, the defendant met A.D. and expressed a need for a temporary residence. A.D. agreed to allow the defendant to live with her. During that time, the defendant befriended A.D. and gained A.D.'s confidence. During that time, and as part of the scheme to defraud, the defendant pretended and falsely

represented to A.D. and to others that he was acting on A.D.'s behalf and in her best interest. In fact, during that time, the defendant often did not act in A.D.'s best interest. Instead, he used his ability to access her banking accounts and funds to support his own lifestyle without her knowledge or consent.

4.  In furtherance of the scheme to defraud, the defendant set up a durable power of attorney for A.D. The defendant used the durable power of attorney to obtain a reverse mortgage on A.D.'s residence. The defendant falsely represented to Frontier Mortgage that he intended to use the proceeds from the reverse mortgage for A.D's living expenses and home rehabilitation. In truth and fact, the defendant never intended to use the money for the benefit of A.D. The defendant always had the intention to use the money for his own personal and financial benefit which included the purchase of an automobile and illegal drugs. The defendant arranged for over $70,000 to be received from the reverse mortgage on A.D.'s residence. The loan was underwritten and funded by James B. Nutter & Company.

5.  In furtherance of the scheme to defraud, the defendant used the durable power of attorney to open a money marketing account and a checking account at Commerce Bank in his name and A.D's name. Once the reverse mortgage was funded, the defendant deposited approximately $25,000 into the joint money market account and approximately $20,000 into the joint checking account. The defendant used the deposited money for his own personal and financial benefit. This money was not used for the benefit of A.D.

6.  On or about September 9, 2008, in the Eastern District of Missouri,

**LARRY A. BRADSHAW**,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain money or property and attempting to do so

knowingly did cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, signals, and pictures, that is, a wire transfer of $56,664.25 was sent from James B. Nutter & Company's account at JP Morgan Chase, located outside of the state of Missouri, to the business bank account of Integrity Land Title Company, Inc. in Saint Louis, Missouri.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The Grand Jury further charges:

At all times relevant to this indictment:

1. Paragraphs 1 through 9 of this indictment are realleged here.

2. The Social Security Administration ("SSA"), an agency for the United States, administered certain government benefit programs, including the Supplemental Security Income program, pursuant to Title 42, United States Code, Sections 401-433.

3. Supplemental Security Income (SSI) under Title XVI of the Social Security Act was a federally administered cash assistance program designed to provide a floor of income for the aged, blind, or disabled who have paid little or nothing to the Social Security system by way of employment contributions and who have little or no income and resources.

4. SSI payments continued unless the disabled individual's "disability" improved, or until the disabled individual returned to work or died. However, the disabled individual had to fill out periodic re-eligibility forms to verify the disability still existed and income reporting was correct.

5. Defendant filed for SSI benefits on or about June 29, 2006, alleging he became unable to work on June 5, 2006. Defendant was approved by the SSA for SSI payments with an onset date of April 27, 2007.

6. On or about December 8, 2008, the defendant filed a form verifying his continued disability for continuing SSI payments. Additionally, the defendant filled out the income reporting section which required the defendant to list all income the defendant had received or expected to received since the last reporting date of November 1, 2007.

7. On or about December 8, 2008, the defendant failed to report to the SSA that he received money from the reverse mortgage on A.D's home.

8. On or about December 8, 2008, in the Eastern District of Missouri,

**LARRY A. BRADSHAW**,

defendant herein, knowingly converted to his own use money of the United States in excess of $1,000, that is, approximately $34,390.00 in SSA benefit payments that he was not entitled to receive.

In violation of Title 18, United States Code, Section 641.


RICHARD G. CALLAHAN
United States Attorney                                          A TRUE BILL.


_____                                 _____
Dianna R. Collins #59641MO                                      FOREPERSON
Assistant United States Attorney